Mabry & Wife *v.* Churchwell.

JOSEPH A. MABRY AND WIFE *v.* SOPHIA M. CHURCH-
WELL *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Opening biddings. Notes date from
sale.* Ordinarily, and in the absence of any controlling equity, upon
the opening of the biddings of a judicial sale, the purchaser should
be required to execute his notes for the purchase money as of the date
of the public sale the biddings at which are opened, and upon the
terms of the decree of sale.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. W.
B. STALEY, Ch.

W. P. WASHBURN for complainants.

W. M. BAXTER and HENDERSON & JOUROLMON for
defendants.

COOPER, J., delivered the opinion of the court.

Lands having been sold under the orders of the
court in this case, a party offers to advance the bid-
dings over ten per cent. on each sale. The sales were
on time, and the question submitted to the court is
whether the notes to be executed by the party making
the advance should be dated back as of the date of
the original sale.

Under the practice of the courts in this State, ju-
dicial sales are usually ordered to be made at public
vendue, upon notice of the time and place, the highest

and best bidder being required to comply with the terms of sale by making the cash payment if any, and executing his notes with personal security for the deferred payments. The master makes a report to the court of what he has done, showing that the money and notes are in his hands. The biddings are subject to be opened by an advanced bid of ten per cent. or more: *Click* v. *Burris*, 6 Heis., 539. The person offering the advance is required to secure to the satisfaction of the court the amount offered, and this for the obvious reason that otherwise an actual purchaser, whose bid is secured, might be lost for a mere promise: *Childress* v. *Harrison*, 1 Baxt., 415; *Glenn* v. *Glenn*, 7 Heis., 369. The amount may be secured either by the applicant complying with the terms of his offer by accompanying the application with the necessary money and notes, or by entering into a written obligation with good security to comply with the terms of his offer if so ordered by the court: *Allen* v. *East*, 4 Baxt., 308; *Mound City Mutual Life Ins. Co.* v. *Hamilton*, 3 Tenn. Ch., 228; *Atkinson* v. *Murfree*, 1 *Id.*, 51.

By the English practice, the master was authorized to receive bids, and the biddings were usually conducted in the master's office. To open the biddings for a given time was merely to extend his authority until the expiration of that time. The opening of the biddings under that practice left the date of the sale open to the agreement of the contracting parties. Under our practice, the public sale fixes a date from which the purchaser and the creditor, or other party

entitled to the proceeds of sale, acquire rights if the sale be confirmed. To open biddings in such a case is simply to allow other persons the opportunity, *nunc pro tunc*, to become purchasers precisely as if they had made their bid at the original sale. It would be manifestly unjust to the persons entitled to the proceeds of sale to extend the time of the deferred payments during the delay of confirmation either of the original sale, or of the re-sale, and no such extension should be permitted except where the same is demandable as of right upon some legal or equitable ground. It is a concession to the owner of the property and the person offering the advance to open the bids at all, and as the latter may regulate his offer by the rule of practice, it is clear that no right of his is affected by a course which justice to the creditor, or other recipient of the fund, imperatively demands in the absence of an adverse controlling equity. Besides, an advance of *ten per cent.* on the original bid is sufficient to open the biddings. If now the offer is exactly *ten per cent.*, and the re-sale is made to date from the time the opened biddings are closed, the actual advance will be diminished below *ten per cent.* by the interest which will be lost by the extension of time, and the advance would vary in each particular case. Undoubtedly the court may, upon a proper case shown, set aside the first sale altogether, and order a re-sale from the date of which the rights of the parties will accrue: *Reese* v. *Copeland*, 6 Lea, 190. But ordinarily, and in the absence of any controlling equity, upon the opening of biddings for the usual period al-

lowed, the purchaser should be required to execute his notes as of the date of the public sale the biddings at which are opened, and upon the terms of the decree of sale. Ordered accordingly in this case.